| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**ARTHUR J. ABRAMOWITZ (AA3724)**<br>**SHERMAN, SILVERSTEIN, KOHL, ROSE &**<br>**PODOLSKY, P.A.**<br>308 Harper Drive<br>Suite 200<br>Moorestown, New Jersey 08057<br>(856) 662-0700<br>Attorneys for the Debtor | Order Filed on October 7, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>FARM RITE, INC.,<br><br>              Debtor. | Case No. 20-19379-JNP<br><br>Judge: Jerrold N. Poslusny<br><br>Chapter: 11 |

### FOURTH INTERIM ORDER AUTHORIZING USEOFCASHCOLLATERAL

The relief set forth on the following pages, numbered (2) through (8), is hereby

**ORDERED.**

**DATED: October 7, 2020**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

2524152.2

This matter having come before the Court upon the Motion of Farm-Rite, Inc., ("Debtor") for the entry of an Order for authority to use cash collateral pursuant to Bankruptcy Rule 4001(b) and 11 U.S.C. § 363(c)(2)(B) (the "Motion"); and it appearing that the Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that granting the relief requested in the Motion is in the best interests of Debtor, its estate, and its creditors; and it appearing that adequate notice has been given and that no other or further notice is required; and

**IT APPEARING** that the Debtor and Farm Credit East, ACA ("Farm Credit"), have agreed to extend cash collateral up through and including October 6, 2020, on the terms and conditions set forth herein and on those as set forth in the *First Interim Order Authorizing Use of Cash Collateral* (Doc. No. 18) entered on August 10, 2020, the *Second Interim Order Authorizing Use of Cash Collateral* (Doc. No. 58) entered on August 28, 2020 and the *Third Interim Order Authorizing Use of Cash Collateral* (Docket No. 98) entered on September 22, 2020 (together, the "Initial Orders") and the terms set forth herein; and

**IT FURTHER APPEARING** that based upon a UCC search recently conducted, a number of other entities may assert an interest in cash collateral ("Other Purported Cash Collateral Interest Holders"); and

**IT FURTHER APPEARING** that counsel for The Debtor has conferred with counsel for Farm Credit, TCFIF, WFCDF, Horizon, Kubota and Selective Insurance ("Selective") and for the purpose of a consensual further interim cash collateral order on the terms set forth herein; and for good cause shown

**IT IS ORDERED** as follows:

1. The Initial Orders remain in full force and effect, except as modified herein.

2. <u>Use of Cash Collateral</u>. The Debtor is authorized, for the periods and in accordance with the cash collateral budget attached as Exhibit A to use cash collateral, with a twenty percent (20%) cushion allowed to Debtor over and above said amount, through October 20, 2020, for the purposes set forth in the Initial Orders.

3. <u>Adequate protection</u>. In addition to the adequate protection granted to Farm Credit in the Initial Orders, which is hereby reaffirmed and extended to the additional use of cash collateral under this as adequate protection for use of the cash collateral, TCFIF, WFCDF and Kubota are each GRANTED:

    a. Farm Credit is to be provided a report[1], as of September 30, 2020, showing the inventory and accounts receivable in the format used by the Debtor and Farm Credit for the Debtor's "Borrowing Base Certificate." The report shall have all exhibits and schedules, including accounts receivable report, accounts receivable ageing report, schedule of new units owned, schedule of used units owned, and parts inventory. By way of example, the last Borrowing Base Certificate prepared by the Debtor was dated October 31, 2019, and review by counsel.

    b. <u>Replacement Lien.</u> A replacement perfected security interest under 11 U.S.C. § 361(2) to the extent that each of TCFIF, WFCDF and Kubota's cash collateral liens are respectively validated pursuant to further proceedings and are used by Debtor, to the extent and with the same priority in all of Debtor's post-petition collateral, and proceeds thereof, that each of TCFIF, WFCDF and Kubota

---

[1] The Report referred to in Paragraph 3.A. of the Second Interim Order Authorizing Use of Cash Collateral shall now include Report as of September 30, 2020, which shall be produced by the Debtor to Farm Credit on or before October 6, 2020
2524152.2

respectively held in Debtor's pre-petition property, subject to payments due under 28 U.S.C. § 1930(a)(6). The replacement liens granted in this Order shall be deemed automatically valid and perfected without any further notice or act by any party.

    c.    <u>Statutory Rights Under Section 507(b).</u> To the extent that adequate protection provided for hereby proves insufficient to protect each of TCFIF, WFCDF and Kubota interests in and to the cash collateral set forth in the motion, each of TCFIF, WFCDF and Kubota respectively shall have a super priority administrative expense claim, pursuant to 11 U.S.C. § 507(a) in the same validity and priority to which they were entitled as of the Petition Date, whether in this proceeding or in any superseding proceeding, subject to payments due under 28 U.S.C. § 1930 (a)(6). Excluded from this super-priority administrative claim are any causes of action arising under Chapter 5 of the Bankruptcy Code.

    d.    <u>Production of Financial Information.</u> Within seven (7) days of the entry of this order, the Debtor shall produce the following document s to TCFIF, WFCDF and Kubota: (i) inventory report as of the Petition Date, and (ii) accounts receivable report and accounts receivable aging as of the Petition Date. Within ten (10) days of the entry of this order, the Debtor shall produce the following documents to TCFIF, WFCDF and Kubota (iii) unadjusted year end 2019 profit and loss statement and balance sheet; and (iv) unadjusted year to date profit and loss statement through September 30, 2020.

    e.    <u>Inspections.</u> Upon requests of TCFIF, WFCDF and Kubota to access its pre-petition collateral or post-petition collateral, not less than five (5) business

days in advance to the Debtor, the debtor shall grant access, during normal business hours, to the Debtor's collateral to enable TCFIF, WFCDF and/or Kubota or their respective agents to inspect and evaluate such collateral. The aforesaid inspection rights are in addition to the inspection rights granted by Debtor to Kubota pursuant to its transaction documents with Debtor.

      f.   <u>Periodic Accounting.</u> Debtor shall provide TCFIF, WFCDF and Kubota all other reports required by the pre-petition loan documents and any other reports reasonably required by TCFIF, WFCDF and Kubota, as well as copies of the Debtor's monthly United States Trustee Operating Reports. Upon appointment of a Creditor's Committee (if so appointed), Debtor shall submit a copy of the monthly U.S. Trustee Operating Reports to Counsel to said Committee if counsel has been appointed, and until counsel is retained, to the Chairman of said Committee.

      g.   <u>Default Hearing.</u> In the Event Debtor defaults or violates this Order, TCFIF, WFCDF and Kubota are entitled to request a hearing within fourteen (14) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within 48 hours)

4.   <u>Interlocutory Order and No Modification of Creditor's Adequate Protection.</u> This is an interlocutory order. Nothing contained herein shall be deemed or construed to (a) limit Farm Credit, TCFIF, WFCDF and Kubota to relief granted herein; (b) bar Farm Credit, TCFIF, WFCDF and Kubota from seeking other and further relief (including without limitation relief from the terms of this order) for cause shown on appropriate notice to Debtor and other parties-in-interest entitled to notice of same; or (c) required Farm Credit, TCFIF, WFCDF and Kubota to make any

2524152.2

further loans or advances to Debtor; however, nothing herein shall prejudice Debtor's rights, if any to compel further loans, or advances to the Debtor. This Order may be modified for cause shown by Debtor, Farm Credit, TCFIF, WFCDF and Kubota or any other party-in-interest on due notice. No such modification, however, shall deprive Farm Credit, TCFIF, WFCDF and Kubota of its interest, if any, in Debtor's property (pre-petition and post-petition).

5.  Disbursement of Sale Proceeds on Certain Kubota, TCFIF and WFCDF Whole Goods. As further adequate protection, Debtor shall segregate the respective amounts owed to Kubota ,TCFIF and WFCDF on the sale of Kubota, TCFIF and WFCDF whole good units on which there is a balance due from Debtor respectively to Kubota, TCFIF and WFCDF which funds shall be disbursed respectively to Kubota TCFIF and WFCDF within one (1) business day of receipt of such sale proceeds by Debtor. Debtor shall, however be permitted to deposit into its general operating funds for use in the ordinary course of its business the proceeds representing the gross profit on the sale of each unit (Sales Price(s) in excess of the amount owed respectively to Kubota, TCFIF, and WFCDF for each such sale). For purposes of clarity "whole goods" do not include parts.

6.  The line item as to Debtor Expenses in Debtor's Exhibit "A" Budget attached to the Cash Collateral denominated "Emp. Benefits – Health Insur" "51603" refers solely and only to presently active health insurance coverage provided to certain of the Debtor's employees by creditor Horizon. Said amounts set forth in Debtor's Budget and all valid amounts owed to Horizon by Debtors post-petition for post-petition health insurance coverage under contract for Debtor's officers, directors, employees and their covered family members constitute actual and necessary costs of preserving the Debtor's Estate and hereby are deemed an allowed Chapter 11 Administrative Expense of Debtor's Estate pursuant to 11 USC § 503 (b)(1)(A). If and to the extent Horizon holds a pre-petition advance deposit from the Debtor, Horizon is secured in and to

the extent of same. Debtor and Horizon reserve all other rights, claims and defenses including but not limited to pre-petition claims and assumption or rejection.

7. To the extent any other purported cash collateral Interest Holder asserts an interest in cash collateral, a replacement lien on the terms set forth herein shall be afforded to such Purported Cash Collateral Interest Holder.

8. An Official Committee of Unsecured Creditors (the "Committee"), if one is appointed under § 1102 of the Bankruptcy Code, shall have a minimum of 60 days (or such longer period as the Committee may obtain for cause shown before the expiration of such period) from the date of the order approving the appointment of counsel to the Committee to investigate the facts and to determine the extent, validity and priority of the respective liens of Farm Credit, TCFIF, WFCDF, Kubota and any other entities who assert an interest in cash collateral and bring any appropriate proceedings as representative of the estate. The Debtor and any party in interest shall have a minimum of 75 days (or a longer period for cause shown before the expiration of such period) from the entry of the final cash collateral order to investigate the facts and file a motion seeking authority to bring any appropriate proceedings (if such motion is required) and to file such proceeding as representative of the estate to determine the extent, validity and priority of the respective liens of Farm Credit, TCFIF, WFCDF, Kubota and any other entities who assert an interest in cash collateral.

9. The entry of this order is without prejudice to the validity, extent and priority of the rights held by any party in interest.

**FINAL HEARING ORDER**

2524152.2

**IT IS FURTHER ORDERED AND NOTICE IS HEREBY GIVEN** any creditor or other interested party having any objection to the Initial Orders and/or to this Fourth Interim Order shall file with the Clerk of this Court and serve upon Debtor's counsel on or before the October 13, 2020, a written objection and shall appear to prosecute said objection at a Final Hearing to be held on October 20, 2020, at 2:00 PM by telephonic means. In the event no objections are filed or are not advanced at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Fed. R. Bankr. P. 400l(d)(3).

**NOTICE OF ORDER**

Debtor shall serve a copy of this Order and Notice by first class mail within two (2) business days from the date hereof, on (i) the Office of the United States Trustee; (ii) the Debtor's twenty largest unsecured creditors; (iii) all secured creditors; (iv) those parties who filed a notice of appearance and request for service of pleadings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002, if any; and (v) any other parties claiming an interest in the cash collateral, if any. The Debtor shall immediately file with the Clerk a Certificate of Service of said mailing.

2524152.2